# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARMELLA RICE,**

      Plaintiff,

v.

      Case No.: 2:19-cv-3497
      JUDGE GEORGE C. SMITH
      Magistrate Judge Jolson

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

## ORDER

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on March 4, 2020. The Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled, the decision of the Commissioner of Social Security be affirmed, and that judgment be entered in favor of Defendant, the Commissioner of Social Security. (Doc. 15). This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 16). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff asserts two objections to the Magistrate Judge's *Report and Recommendation* and also urges the Court to review all Plaintiff's arguments set forth in detail in the Statement of Specific Errors. Plaintiff specifically argues that the ALJ failed to properly evaluate the opinions of the psychological consultative examiner Dr. Dubey, and the ALJ failed to properly evaluate the opinions of the treating physician Dr. Green.

Turning to Plaintiff's first objection, Plaintiff argues that the ALJ erred in only assigning "partial weight" to Dr. Dubey's opinions. Plaintiff asserts that the ALJ incorrectly discredited Dr. Dubey's opinion that Ms. Rice would not be able to maintain persistence and pace to remember, and carry out multi-step instructions independently as evidenced by attention, concentration and memory problems.

The Court finds that the Magistrate Judge correctly found that the ALJ provided a "meaningful explanation," consistent with the Regulations, for assigning partial weight to Dr. Dubey's opinion. The Court agrees that there was no requirement that the ALJ provide "good reasons" supporting his assessment of Dr. Dubey's opinion. Accordingly, Plaintiff's first objection is overruled.

With respect to Plaintiff's treating physician, Dr. Green, Plaintiff argues that the ALJ failed to apply the controlling weight test and the Magistrate Judge failed to provide any reasoning for this but just skipped to the "good reasons rule." The Court disagrees.

The Magistrate Judge noted that in this instance, it was difficult, if not impossible, for the ALJ to compare Dr. Green's opinion to the record as it lacked any explanation. *See Lawson v. Berryhill*, No. CV 6:18-175-DCR, 2018 WL 6257105, at *6 (E.D. Ky. Nov. 29, 2018) (noting that it is "extremely difficult" to rely on or analyze the consistency of a "conclusory" check-the-box form that "is not accompanied by any explanation"). The Magistrate Judge further acknowledged that the ALJ did the best he could in comparing Dr. Green's limitations with Dr. Green's own treatment notes to see if they supported his findings, but ultimately found that they did not.

The Magistrate Judge carefully considered this argument and Plaintiff merely disagrees with her conclusions. Both the ALJ and the Magistrate Judge thoroughly analyzed the chronology of the treating and examining sources of record. Most were discredited due to the length of time between the opinion and date of last insured. Plaintiff, however, argues that just because some of the opinions were provided post-date last insured does not automatically mean that they are not relevant to the time period prior to the date last insured as they relate back to the relevant time period. Again, the Magistrate Judge considered this and stated that "[w]hile the medical opinions from after the date last insured could arguably be said to relate back to the relevant time period because each concerns prolonged physical and mental health issues stemming from Plaintiff's January 2015 accident, they do not explicitly do so." (Doc. 16, R&R at 9). Accordingly, Plaintiff's second objection is overruled.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objections have been thoroughly considered and are hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 15, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 15 and 16 from the Court's pending motions list and enter final judgment in favor of Defendant, the Commissioner of Social Security.

      **IT IS SO ORDERED.**

                                */s/ George C. Smith*
                                **GEORGE C. SMITH, JUDGE**
                                **UNITED STATES DISTRICT COURT**